# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of:<br><br>JOSEPH LEIF WOLF,<br><br><br><br>Petitioner. | No. 47455-7-II<br><br><br>PUBLISHED OPINION |

MAXA, J. – In this personal restraint petition (PRP), Joseph Wolf seeks relief from

confinement relating to his guilty plea and the imposition of a Special Sex Offender Sentencing

Alternative (SSOSA) sentence in 2008 on two counts of first degree child rape for incidents that

occurred when he was 16 years old. Wolf filed this PRP after the trial court revoked his SSOSA

sentence and returned him to confinement in 2012 and after he unsuccessfully appealed that

decision.

Wolf was charged and sentenced in adult criminal court because under RCW

13.04.030(1)(e)(v),[1] the "automatic decline" statute, adult criminal court has exclusive

jurisdiction and juvenile court must automatically decline jurisdiction when a juvenile who is at

---

[1] The legislature has amended RCW 13.04.030 since the events of this case transpired. *See* LAWS OF 2009, ch. 526, § 1; LAWS OF 2009, ch. 454, § 1. Because these amendments did not impact the statutory language that we rely on unless otherwise noted, we refer to the current statute.

least 16 years old is charged with certain crimes. One of the automatic decline offenses is first degree child rape. RCW 13.04.030(1)(e)(v)(C). Wolf argues that the automatic decline statute and his adult court sentence violate the prohibition against cruel and unusual punishment in the Eighth Amendment to the United States Constitution.

We hold that (1) even if the automatic decline statute violates the Eighth Amendment, Wolf has not established that he suffered actual and substantial prejudice as a result of that violation because he presented no evidence that his case likely would have been heard in juvenile court but for the automatic decline statute; and (2) even if the Eighth Amendment required the sentencing court to consider his youth when sentencing him, the trial court did not err because Wolf's youth was immaterial when the trial court adopted the SSOSA sentence to which Wolf agreed. Therefore, we deny Wolf's PRP regarding his Eighth Amendment challenge to his confinement.

Wolf also challenges the imposition of legal financial obligations (LFOs) as part of his 2008 sentence and the imposition of appellate costs following his unsuccessful appeal of the trial court's revocation of his SSOSA. We hold that (1) Wolf's PRP on LFOs is time barred under RCW 10.73.090 because it was filed more than one year after the LFOs were imposed in 2008 and the trial court's revocation of the SSOSA in 2012 had nothing to do with LFOs, and (2) the imposition of appellate costs without assessing Wolf's ability to pay was not unlawful because courts are not statutorily required to inquire into the appellant's ability to pay before imposing appellate costs under RCW 10.73.160.

Accordingly, we deny Wolf's PRP regarding his Eighth Amendment challenges to his sentence and his challenges to LFOs and appellate costs.

FACTS

On June 23, 2008 the State charged Wolf with five counts of first degree child rape. At the time Wolf was 16 years old and living in foster care. His alleged victims were two younger children in the same foster home. The State filed the charges in adult criminal court as required by RCW 13.04.030(1)(e)(v)(C).

On October 9, Wolf pled guilty to two counts of first degree child rape. The standard sentencing range for Wolf was 120-160 months for each count. The parties submitted an agreed recommendation that Wolf receive a SSOSA sentence that would include a sentence of 131.9 months with 12 months in confinement and 119.9 months suspended on the condition that he successfully complete a three-year outpatient sex offender treatment program and comply with other SSOSA conditions. Wolf urged the trial court to adopt the agreed SSOSA sentence. The trial court accepted the agreed recommendation and imposed the recommended SSOSA sentence.

The trial court imposed $800 in statutorily mandated LFOs – a $500 crime victim penalty assessment, a $100 DNA fee, and a $200 criminal filing fee – and a $400 discretionary LFO for court-appointed attorney fees and defense costs. The trial court did not make any individualized inquiry into Wolf's current or future ability to pay LFOs.

Wolf was released from confinement on June 20, 2009. In the next three years, Wolf violated his SSOSA conditions several times. At hearings on July 24, November 13, March 12, 2010 and July 20, 2011 the trial court found that Wolf violated the conditions of his SSOSA sentence. At the July 20, 2011 hearing, the trial court stated that it was giving Wolf one last chance to comply with the conditions before revoking his SSOSA sentence.

On February 24, 2012, Wolf returned to the trial court for again violating his SSOSA conditions. The trial court revoked Wolf's SSOSA sentence and ordered him to serve his suspended sentence. Wolf filed a motion for reconsideration, arguing that the trial court should have considered his youth before revoking his SSOSA sentence. The trial court disagreed and denied Wolf's motion.

Wolf filed a direct appeal of his SSOSA revocation, asserting a procedural due process violation, ineffective assistance of counsel, and the trial court's abuse of discretion in revoking his SSOSA. This court affirmed the revocation in an unpublished opinion.[2] At the State's request, the trial court added $3,579.64 in LFOs to Wolf's judgment and sentence for appellate costs.

Wolf now petitions for relief from his confinement and from his LFOs.

ANALYSIS

A.    PRP RULES

A PRP is not a substitute for a direct appeal and the availability of collateral relief is limited. *In re Pers. Restraint of Brockie*, 178 Wn.2d 532, 539, 309 P.3d 498 (2013). "Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011).

To be entitled to relief on a PRP, a petitioner must establish by a preponderance of the evidence that there was a constitutional error that resulted in actual and substantial prejudice or

---

[2] *State v. Wolf*, No. 43448-2-II, slip op. at 1 (Wash. Ct. App. Dec. 31, 2013) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2043448-2-II%20Unpublished%20Opinion.pdf.

that there was a nonconstitutional error involving a fundamental defect that inherently results in a complete miscarriage of justice. *Id.* This requirement is "necessary to preserve the societal interest in finality, economy, and integrity of the trial process. It also recognizes that the petitioner has had an opportunity to obtain judicial review by appeal." *In re Pers. Restraint of Woods,* 154 Wn.2d 400, 409, 114 P.3d 607 (2005).

In order to obtain relief, a PRP petitioner must specifically identify the evidence supporting his petition. RAP 16.7(a)(2); *see also In re Pers. Restraint of Williams*, 111 Wn.2d 353, 364-65, 759 P.2d 436 (1988). "The petitioner must state the facts on which he bases his claim of unlawful restraint and describe the evidence available to support the allegations; conclusory allegations alone are insufficient." *In re Pers. Restraint of Stockwell*, 160 Wn. App. 172, 176, 248 P.3d 576 (2011).

When a PRP raises pure questions of law, our review is de novo. *Coats*, 173 Wn.2d at 133.

B.     LEGAL PRINCIPLES – JUVENILE OFFENDERS

     1.   Automatic Decline Statute

RCW 13.04.030(1)(e) states, "Except as provided in this section, the juvenile courts in this state shall have exclusive original jurisdiction over all proceedings . . . [r]elating to juveniles alleged or found to have committed offenses." RCW 13.04.030(1)(e) then provides a number of exceptions to this general rule.

RCW 13.04.030(1)(e)(v) provides an exception to juvenile court jurisdiction for certain identified offenses if "[t]he juvenile is sixteen or seventeen years old on the date the alleged offense is committed." For these offenses, the adult criminal court has exclusive original

jurisdiction; i.e., declination of juvenile court jurisdiction is mandatory. RCW

13.04.030(1)(e)(v)(E)(I). Under RCW 13.04.030(1)(e)(v)(C), one of the exceptions is for the

offense of first degree child rape. In other words, the legislature has mandated that a juvenile

charged with first degree rape who is at least 16 years old when the offense is committed, like

Wolf, must be charged, tried and sentenced in adult criminal court regardless of the

circumstances.[3]

### 2. Juvenile Sentencing and the Eighth Amendment

The Eighth Amendment, made applicable to states through the Fourteenth Amendment,

prohibits cruel and unusual punishment. *Roper v. Simmons*, 543 U.S. 551, 560, 125 S. Ct. 1183,

161 L. Ed. 2d 1 (2005). "[T]he Eighth Amendment guarantees individuals the right not to be

subjected to excessive sanctions." *Id.* The basic concept of the Eighth Amendment is that

punishment for a crime " 'should be graduated and proportioned' to both the offender and the

offense." *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 2463, 183 L. Ed. 2d 407 (2012)

(quoting *Roper*, 543 U.S. at 560).

In recent years, the United States Supreme Court has decided three cases that address

imposing certain sentences on juveniles: *Miller*, 132 S. Ct. at 2469-71, 2475 (mandatory life in

prison without possibility of parole for homicide offense); *Graham v. Florida*, 560 U.S. 48, 68-

76, 82, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (life in prison without possibility of parole for

nonhomicide offense); and *Roper*, 543 U.S. at 569-70, 578 (death penalty). These cases

---

[3] RCW 13.04.030(1)(e)(v)(E)(III) now provides that the prosecutor may agree to juvenile court jurisdiction and remove to juvenile court the criminal proceedings originally filed in adult criminal court. However, this provision was enacted in 2009, after Wolf was sentenced. LAWS OF 2009, ch. 454, § 1.

establish that juveniles are different than adults and require special consideration under the Eighth Amendment for certain sentences.

Most recently, the Court held in *Miller* that mandatory sentences of life in prison without parole for juveniles who commit homicide violates the Eighth Amendment. 132 S. Ct. at 2469, 2475. The Court did not categorically bar life in prison without parole as a penalty for juvenile offenders. *Id.* at 2469. Instead it recognized that a sentencing court still could impose such a sentence as long as it considered the offender's youth. *Id.* The Court "mandate[d] only that a sentencer follow a certain process – considering an offender's youth and attendant characteristics – before imposing a particular penalty." *Id.* at 2471. As a result, the Court held that a sentencing court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime of prison." *Id.* at 2469.

C.     EIGHTH AMENDMENT CHALLENGE TO AUTOMATIC DECLINE STATUTE

Wolf argues that RCW 13.04.030(1)(e)(v), the automatic decline statute, violates the Eighth Amendment prohibition against cruel and unusual punishment. In *State v. Houston-Sconiers*, this court held in a 2-1 decision that "application of RCW 13.04.030(1)(e)(v) . . . does not violate the Eighth Amendment under the dictates of *Roper*, *Graham*, and *Miller*." *Houston-Sconiers*, 191 Wn. App. 436, 446, 365 P.3d 177 (2015), *review granted*, 185 Wn.2d 1032 (2016). Wolf urges us to disregard this decision. However, we need not decide this issue because Wolf has not established that any Eighth Amendment violation caused actual and substantial prejudice as required for relief in a PRP.

To be entitled to relief in a PRP, Wolf must establish by a preponderance of the evidence that there was a constitutional error that resulted in actual and substantial prejudice. *Coats*, 173

7

Wn.2d at 132. Wolf does not argue that a juvenile can never be charged and sentenced in adult court under the Eighth Amendment. In other words, he does not argue that he could not be charged in adult court for first degree child rape. Instead, he argues that adult court jurisdiction cannot be mandatory as directed in RCW 13.04.030(1)(e)(v)(C) and that the trial court must be given the opportunity to consider the defendant's youth in deciding whether adult court jurisdiction is appropriate.

Therefore, to show actual and substantial prejudice Wolf must establish that more probably than not the trial court would have elected to hear his case in juvenile court based on his youth if the automatic decline statute had not mandated that he be charged and tried as an adult. If not, the automatic decline statute had no effect on Wolf's case.

As noted above, a PRP petitioner must specifically describe the evidence available to support his claim. *Stockwell*, 160 Wn. App. at 176. But Wolf has not provided any factual basis for a conclusion that his case likely would have been heard in juvenile court but for the automatic decline statute. He has not identified anything in the record or submitted evidence outside the record demonstrating what would have happened with his case if the automatic decline statute had not applied.[4]

One way of proving prejudice would have been to address the factors first enumerated in *Kent v. United States*, 383 U.S. 541, 566–67, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966), which

---

[4] Wolf points out that in the SSOSA violation hearings there were discussions suggesting that Wolf possessed some characteristics associated with youth, such as immaturity and an inability to control his environment or resist negative influences. And these characteristics may have been compounded by the fact that he was raised in the foster care system with multiple placements. But these facts provide no clue as to whether on balance the trial court would have decided to hear Wolf's case in juvenile court.

supply the criteria under which a juvenile court would decide under its discretionary authority whether a juvenile's prosecution should be transferred to adult court. *See State v. Furman*, 122 Wn.2d 440, 447. 858 P.2d 1092 (1993). Wolf did not provide evidence specifically relating to these criteria or argue that under the criteria his prosecution likely would not have been transferred to adult court. Without this evidence, we cannot determine with any probability what the trial court would have done with Wolf's case if adult court jurisdiction was discretionary instead of mandatory. And Wolf has not even made a meaningful argument that the application of the automatic decline statute caused him any prejudice under the circumstances of this case.

Further, the minimal evidence that is available on this issue suggests that the trial court may have believed that adult court was the appropriate court for Wolf's criminal case. Wolf was charged with multiple, very serious crimes – five counts of first degree child rape committed against his younger foster brothers. Even if the trial court had discretion on jurisdiction, it may well have determined that the seriousness of Wolf's crimes demanded that he be charged and tried as an adult. At the first violation hearing, the trial court stated:

> I almost didn't even grant you the SSOSA because of the allegations in this case. In spite of what everyone said, I had serious concerns about the behavior and what led to the filing of the charges. So the fact that you're even on a SSOSA is something you should be grateful for.

Report of Proceedings (7/24/09) at 15. The trial court's hesitancy in imposing a SSOSA sentence suggests that even if it had discretion on jurisdiction, it may have declined to transfer the case to juvenile court.

We recognize that it may be difficult for a petitioner to establish that the trial court would have transferred a particular case to juvenile court if it had the discretion. But a collateral attack undermines the strong interest of the courts in finality, and that interest justifies the high and

sometimes very difficult actual and substantial prejudice standard. *See In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 120-22, 340 P.3d 810 (2014) (refusing to presume prejudice for a PRP even when the claim – a public trial right violation – requires no prejudice on direct appeal).[5]

Wolf has the burden of proof on actual and substantial prejudice. *Coats*, 173 Wn.2d at 132. And "conclusory allegations alone are insufficient" to support a PRP. *Stockwell*, 160 Wn. App. at 176. Wolf has failed to show by a preponderance of evidence that the alleged Eighth Amendment violation caused actual and substantial prejudice. Accordingly, we hold that even if the automatic decline statute did violate the Eighth Amendment, Wolf is not entitled to PRP relief on this basis.

## D. EIGHTH AMENDMENT CHALLENGE TO SENTENCING

Wolf argues that even if the automatic decline statute is valid, the trial court violated the Eighth Amendment because it did not consider Wolf's youth as a mitigating factor in imposing his sentence in 2008. In *State v. O'Dell*, our Supreme Court clarified that under the Sentencing Reform Act (SRA)[6], youth can be considered by a sentencing court as a possible mitigating factor justifying a downward exceptional sentence. 183 Wn.2d 680, 688-89, 358 P.3d 359 (2015); *see also State v. Solis-Diaz*, 194 Wn. App. 129, 137-41, 376 P.3d 458 (2016), *petition for review filed*, No. 93279-4 (Wash. June 21, 2016). But no United States Supreme Court case or

---

[5] On the other hand, we recognize that a PRP not subject to the time bar may deal with proceedings occurring many years ago, making proof of actual and substantial prejudice more difficult. In such cases, a rigid requirement of actual and substantial prejudice arguably could effectively reinstate the time bar in cases falling under an exception to it. But given Wolf's failure to present any evidence of actual and substantial prejudice, we need not address this possibility here.

[6] Chapter 9.94A RCW.

Washington case has addressed whether the *Eighth Amendment* requires consideration of a defendant's youth for all sentences as Wolf suggests.

However, we need not decide whether the Eighth Amendment requires a sentencing court to consider a defendant's youth when imposing a sentence under the SRA because here the trial court adopted the terms of a SSOSA sentence that Wolf and the State jointly proposed. Wolf does not argue that the trial court should have rejected the joint recommendation and imposed something other than the agreed SSOSA sentence. Under these circumstances, even if Wolf's interpretation of the Eighth Amendment is valid, the trial court did not err because Wolf's youth was immaterial to the agreed sentence.

Wolf argues that because in 2008 the SRA had been interpreted as precluding a defendant's youth as a mitigating factor in sentencing, agreeing to a SSOSA sentence was his only option to avoid a lengthy incarceration. But Wolf has not submitted any evidence or even alleged that he would have chosen ordinary sentencing over a very favorable SSOSA sentence even if the trial court could have considered his youth in ordinary sentencing.

We hold that the trial court did not err in imposing the SSOSA sentence to which Wolf agreed. Accordingly, we hold that even if the Eighth Amendment required the trial court to consider Wolf's youth in ordinary sentencing under the SRA, Wolf is not entitled to PRP relief on this basis.

E.    LEGAL FINANCIAL OBLIGATIONS

Wolf challenges the trial court's imposition of LFOs and the imposition of appellate costs after his unsuccessful direct appeal because the trial court did not inquire into his ability to pay.

We hold that Wolf's challenge to the LFOs, which were imposed in 2008, is time barred and that the imposition of appellate costs without an inquiry into Wolf's ability to pay was not unlawful.

    1.    LFOs – One-Year Time Bar

RCW 10.73.090(1) states that no PRP generally can be filed more than one year after the petitioner's judgment becomes final. Here, because Wolf did not appeal the 2008 judgment and sentence, it became final on the date of entry – November 14, 2008. RCW 10.73.090(3)(a). Wolf did not file this PRP until 2015.

Both Wolf and the State apparently assume that Wolf's PRP regarding the LFOs was timely because it was filed within one year after the mandate was issued in 2014 in his direct appeal on the SSOSA revocation. But the SSOSA revocation did not involve the LFOs imposed in 2008 and did not impose any additional "restraint" regarding those LFOs. Therefore, Wolf's PRP challenge to the LFOs is untimely unless an exception to the one-year time bar applies.

RCW 10.73.090(1) states that the time bar applies only if the judgment is "valid on its face." Because the trial court here did not assess Wolf's ability to pay LFOs as required under RCW 10.01.160(3) [7], Wolf argues that the sentence was invalid on its face. But in *In re Pers. Restraint of Dove,* we recently held that a judgment and sentence is valid on its face for purposes of RCW 10.73.090(1) if it contains a finding that the trial court assessed the defendant's ability to pay, even if the record does not support that finding. No. 47796-3-II, slip op. at 7 (Wash. Ct. App. Sept. 27, 2016) http://www.courts.wa.gov/opinions/pdf/D2%2047796-3-

---

[7] The legislature has amended RCW 10.01.160 since the events of this case transpired. *See* LAWS OF 2015, 3d Spec. Sess., ch. 35, § 1; LAWS OF 2010, ch. 54, § 1; LAWS OF 2008, ch. 318, § 2. Because these amendments do not materially affect the statutory language that we rely on, we refer to the current statute.

II%20Published%20Opinion.pdf.  The judgment and sentence here contained the same

boilerplate language regarding Wolf's ability to pay as in *Dove*.  Therefore, the one-year time bar

potentially applies here.

One exception to the one-year time bar is stated in RCW 10.73.100(6), which applies

when there has been a "significant change in the law" that is "material to the . . . sentence" and a

court determines that "sufficient reasons exist to require retroactive application" of the changed

law.  But in *Dove* we also held that *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015) did not

constitute a significant change in the law.  *Dove*, slip op. at 14.  Therefore, the RCW

10.73.100(6) exception does not apply here.

Wolf did not file his PRP challenging the imposition of LFOs in 2008 for more than a

year after his sentence became final.  No exception to the one-year time bar applies.  Therefore,

we deny Wolf's PRP regarding the imposition of LFOs.[8]

2. Appellate Costs – No Unlawful Restraint

Under RAP 16.4(a), a petitioner is entitled to relief only if his restraint is "unlawful" as

defined in RAP 16.4(c).  Here, the imposition of appellate costs without assessing Wolf's ability

to pay was not unlawful.

In his PRP, Wolf does not distinguish between LFOs and appellate costs.  But

discretionary LFOs are authorized under RCW 10.01.160 while appellate costs are authorized

under RCW 10.73.160.  The requirement that the trial court assess the defendant's ability to pay

---

[8] The State also argues that we need not consider Wolf's LFO challenge because under RAP 16.4(d) Wolf has an alternative remedy to challenge his LFOs in the form of a petition for remission of costs under RCW 10.01.160(4).  Because we hold that the LFO challenge is time barred, we do not address this issue.

No. 47455-7-II

derives from RCW 10.01.160(3), which applies only to discretionary costs imposed under RCW 10.01.160(1). *Blazina*'s requirement that a trial court assess a defendant's ability to pay before imposing LFOs was limited to the application of RCW 10.01.160(3) and to discretionary LFOs. 182 Wn.2d at 837-38. RCW 10.01.160(3) does not apply to appellate costs. *State v. Sinclair*, 192 Wn. App. 380, 389, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016).

Nothing in RCW 10.73.160 *requires* courts to make any inquiry into the defendant's ability to pay before imposing appellate costs. *Sinclair*, 192 Wn. App. at 389 (stating that ability to pay was an important but not an indispensable factor for the court in the exercise of its discretion to impose appellate costs). Therefore, we hold that the imposition of appellate costs against Wolf was not unlawful.

We reject Wolf's challenge to appellate costs.

CONCLUSION

We deny Wolf's PRP regarding his Eighth Amendment challenges to his sentence and his challenges to LFOs and appellate costs.

MAXA, J.

I concur:

JOHANSON, J.

14

No. 47455-7-II

BJORGEN, C.J. (dissenting in part) — My dissent in *In re Personal Restraint of Dove*, No. 47796-3-II, 2016 WL 5402838, at *3, concluded that under RCW 10.73.100(6) the Supreme Court's decision in *State v. Blazina*, 182 Wn.2d 827, 835-37, 344 P.3d 680 (2015), constituted a "'significant change in the law'" that is "'material to the . . . sentence'" and that "'sufficient reasons exist to require retroactive application'" of the changed law. *Dove*, 2016 WL 5402838, at *3 (alteration in original) (quoting RCW 10.73.100). For that reason, the *Dove* dissent would have held that Dove's challenge to his legal financial obligations (LFOs) was not subject to the one-year time bar for personal restraint petitions (PRPs).

The same reasoning applies with equal force to Wolf's PRP. I would hold that his LFO challenge similarly falls within the exception to the PRP time bar of RCW 10.73.100(6) and is properly before us. Therefore, I dissent from the majority's holding that Wolf's LFO challenge is barred.

BJORGEN, C.J.

15