# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48633-4-II |
| Respondent, | |
| v. | |
| ROBERT MICHAEL BELL, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Following the revocation of his drug offender sentencing alternative (DOSA), Robert Michael Bell appeals the legal financial obligations (LFOs) imposed by the superior court as part of his original sentence.  He argues that under RAP 15.2 and *Blazina*,[1] the superior court was required to inquire as to his current and future ability to pay LFOs.  Because Bell's DOSA revocation was not a resentencing, we dismiss his appeal as untimely.

## FACTS

Bell pleaded guilty to three counts of possession of a controlled substance and on December 10, 2014, received a DOSA under RCW 9.94A.660.  As part of the sentence, the superior court imposed various LFOs.  Bell made no objections to the sentencing provisions and did not appeal the sentence.

On February 19, 2016, Bell admitted to violating the conditions of his sentence.  Consequently, the superior court revoked his DOSA and ordered a standard range sentence of

---

[1] *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

confinement for 12 months plus 1 day and a 12 month term of community custody. The court

carried over the LFOs from the December 10, 2014, sentence. Bell now appeals the LFOs.

ANALYSIS

Bell argues that the superior court erred when it failed to inquire as to his current and

future ability to pay LFOs before imposing them, as required by *State v. Blazina*. 182 Wn.2d at

839. The State argues that because revocation of a DOSA is not a resentencing, and because

Bell did not appeal his DOSA sentence, Bell's argument is time barred. We agree with the State

and dismiss the appeal as untimely.

We do not consider untimely appeals. RAP 5.2(a). A notice of appeal must be filed

within 30 days after the entry of the decision of the trial court that the party filing the notice

wants reviewed. RAP 5.2(a)(1). Judgments are entered immediately after they are signed by the

judge, and the time available to file an appeal begins to run from that date. RAP 5.2(c); CR

58(a); *In re Pers. Restraint of Wolf*, 196 Wn. App. 496, 510, 384 P.3d 591 (2016) (holding that

Wolf's personal restraint petition (PRP) was time barred because a special sex offender

sentencing alternative revocation did not affect the statutory time bar against a PRP, which time

started running seven years earlier when the initial sentencing was completed). The only

exceptions to the 30-day time period are found in RAP 5.2(e), which do not apply here.

Bell cites *Blazina*, 182 Wn.2d at 839 to argue that at the time the superior court revoked

his DOSA, it had an obligation to make an individualized inquiry into his current and future

ability to pay before imposing the LFOs. In making this argument, he incorrectly assumes that

his time to appeal his sentence began to run when the superior court revoked his DOSA. But

DOSA revocation is not a resentencing. DOSA revocation is one of the "sanctions" the superior

court can impose when an offender violates any conditions of the sentence. RCW 9.94A.660(7)(a), (b), (c).

Bell admitted to violating the conditions of his DOSA, triggering the superior court's authority to impose sanctions. RCW 9.94.A.660(7)(b), (c). The superior court sanctioned Bell to confinement under a standard range sentence. Any LFOs imposed were part of his sentence as assessed in 2014.

Bell's time to file an appeal started running on December 10, 2014, when the judgment and sentence was entered. RAP 5.2(c); CR 58. He did not appeal until February 23, 2016. Though the superior court should have inquired into Bell's ability to pay at his sentencing, Bell failed to timely appeal, barring his claims. Because Bell did not make a timely appeal, we dismiss it.

## APPELLATE COSTS

Finally, citing to *State v. Sinclair*, 192 Wn. App. 380, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016), Bell requests that we waive appellate costs due to his inability to pay. On January 31, 2017, RAP 14.2 was amended to provide that appellate costs will not be awarded if a commissioner of this court determines that the party against whom costs are sought does not have the current or likely future ability to pay such costs. Because Bell's ability to pay costs on appeal may be addressed by a commissioner of this court, we decline to exercise our discretion to waive appellate costs in this decision terminating review. RAP 14.2; RCW 10.73.160(1).

We dismiss the appeal as untimely.

No. 48633-4-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, A.C.J.

Sutton, J.

4