IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 75415-7-I |
| JOSHUA O'HARA CARGILL, | ) ) ) | DIVISION ONE |
| Petitioner. | ) ) | UNPUBLISHED OPINION |
| | ) | FILED: April 30, 2018 |

BECKER, J. — Joshua Cargill seeks relief from costs included in his sentence for a 2013 conviction. We reverse the requirement that Cargill pay collection costs, a discretionary obligation imposed without inquiry as to Cargill's ability to pay. The mandatory obligations are affirmed. We remand with instructions to vacate the appellate costs imposed against Cargill. Cargill originally objected to the State's cost bill on grounds of indigency, but due to a clerical error in this court, the objection was never decided.

In 2013, Cargill was convicted of attempting to elude police. During a sentencing hearing on December 11, 2013, the court granted the State's request to impose a $500 victim assessment fee and a $100 biological sample fee. Both fees are mandatory. RCW 7.68.035; RCW 43.43.754(1). Cargill asked the court to waive nonmandatory costs, and the court agreed to do so. The judgment and sentence requires Cargill to pay the victim assessment fee, biological sample fee, and, in addition, "the costs of services to collect unpaid financial obligations.

RCW 36.18.190."[1] There is no indication in the record that the sentencing court made an individualized assessment of Cargill's ability to pay legal financial obligations. He was found indigent for purposes of appeal.

In a direct appeal, Cargill challenged the sufficiency of the evidence supporting his conviction. We affirmed in an unpublished opinion issued in May 2015.[2] The State then filed a cost bill requesting $3,260.59 in appellate costs. Cargill filed an objection on May 26, 2015. He requested that his objection be referred to the panel for consideration of his ability to pay. Our records indicate that Cargill's objection to the cost bill was misfiled and not discovered for over a year. The panel never issued a ruling on his objection, nor did a commissioner.

On May 28, 2015, shortly after filing his objection to the cost bill, Cargill petitioned the Supreme Court for review of our decision affirming the conviction. His petition was denied on September 30, 2015.

On October 30, 2015, this court entered a mandate terminating review and requiring Cargill to pay $3,260.59 in appellate costs per RAP 14.4. An award of appellate costs may be enforced as part of the judgment entered in the trial court. RAP 14.6(c).

On May 2, 2016, Cargill filed a motion in the trial court seeking relief from those portions of the judgment and sentence imposing legal financial obligations.

---

[1] According to a motion submitted by the State below, the collection costs totaled $100 as of May 12, 2016.

[2] State v. Cargill, No. 71291-8-I (Wash. Ct. App. May 4, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/712918.pdf.

The motion was transferred to this court for consideration as a personal restraint petition.

Cargill must demonstrate that his restraint is unlawful. RAP 16.4(a), (c). He is entitled to relief upon showing that a constitutional error at trial caused actual and substantial prejudice or a nonconstitutional error involving a fundamental defect resulted in a complete miscarriage of justice. In re Pers. Restraint of Coats, 173 Wn.2d 123, 132, 267 P.3d 324 (2011).

Cargill alleges a nonconstitutional error: that the costs imposed at trial and on appeal were unlawful because there was no inquiry as to his ability to pay. This claim presents a question of law that we review de novo. In re Pers. Restraint of Wolf, 196 Wn. App. 496, 503, 384 P.3d 591 (2016).

A trial court must make an individualized inquiry into a defendant's financial ability before imposing discretionary costs, but not mandatory costs. RCW 10.01.160(3); State v. Blazina, 182 Wn.2d 827, 830, 831, 837-38, 344 P.3d 680 (2015); State v. Mathers, 193 Wn. App. 913, 921-23, 376 P.3d 1163, review denied, 186 Wn.2d 1015 (2016). Collection costs are discretionary. State v. Clark, 191 Wn. App. 369, 374, 362 P.3d 309 (2015). It was error for the trial court to impose the collection costs without consideration of Cargill's ability to pay. Whether collection costs are discretionary or mandatory was not discussed below. Because the trial court agreed to waive nonmandatory costs, it would be pointless to remand for an individualized inquiry. Accordingly, we direct that these costs be vacated.

No individualized inquiry was required with respect to the victim penalty assessment and biological sample fee, both mandatory costs. Mathers, 193 Wn. App. at 918; State v. Curry, 118 Wn.2d 911, 917, 829 P.2d 166 (1992); State v. Lundy, 176 Wn. App. 96, 100, 102-03, 308 P.3d 755 (2013). In arguing to the contrary, Cargill relies primarily on Blazina. He also raises constitutional concerns. Cargill's arguments are addressed by prior decisions of this court. See, e.g., Mathers, 193 Wn. App. at 921, 926, 928-29. We decline to revisit them here.

Cargill challenges the appellate costs imposed against him. He argues that an individualized inquiry into his financial ability was required yet none occurred. Alternatively, he requests that we grant his objection to the State's cost bill. He cites RAP 12.7(c), under which this court retains authority to rule on cost issues after issuance of a final mandate.

We exercise our discretion to grant Cargill's objection. It appears that the objection was not decided due to a clerical error by this court. After Cargill submitted his objection in May 2015, it was misfiled and not discovered until October 2016. No action was taken at that time. The objection was based on Cargill's indigency, as determined by the trial court. The current rule governing imposition of appellate costs provides that costs should not be imposed if the defendant lacks the ability to pay, and a finding of indigency entered at trial remains in effect absent a showing by the State that the defendant's financial circumstances have significantly improved. RAP 14.2. An obligation to pay appellate costs plus accumulated interest can be a "millstone around the neck of

an indigent offender." State v. Sinclair, 192 Wn. App. 380, 391, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016). It is with these considerations in mind that we grant Cargill's objection.

To summarize, Cargill's petition is granted in part. We remand with instructions to vacate those portions of the judgment and sentence imposing collection costs and appellate costs. Any amount already paid by Cargill to satisfy these obligations should be refunded. We affirm the imposition of mandatory costs.

Becker, J.

WE CONCUR:

Trickey, J          Spearman, J.

5