# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50288-7-II |
| Respondent, | consolidated with Nos. 50295-0-II |
| | 50298-4-II |
| v. | 50305-1-II |
| TOMAS MARCO KEEN, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, C.J. – Tomas Keen appeals an order denying his motions to terminate legal financial obligations (LFOs) imposed as part of his sentences for four prior convictions. The superior court ruled that the motions were untimely.

We reverse in part the superior court's order denying Keen's motions to terminate his LFOs. We remand for the superior court to consider Keen's motions regarding discretionary LFOs, but not regarding mandatory LFOs or restitution. And we hold that at the time of the motions, the trial court was not required to waive accrued interest on LFOs or restitution.

## FACTS

In 2007, Keen was convicted of second degree burglary and first degree theft. The sentencing court imposed $800 in mandatory LFOs (crime victim assessment, criminal filing fee, DNA collection fee), $1048 in discretionary LFOs (incarceration fee, sheriff's service fee, court appointed counsel), and $75,000 in restitution.

Also in 2007, Keen was convicted of third degree assault. The sentencing court imposed $700 in mandatory LFOs (crime victim assessment, criminal filing fee), $150 in discretionary LFOs (incarceration fee), and $5,000 in restitution.

In 2009, Keen was convicted of possession of a stolen firearm. The sentencing court imposed $800 in mandatory LFOs (crime victim assessment, criminal filing fee, DNA collection fee) and $1,040 in discretionary LFOs (incarceration fee, sheriff's service fee, court appointed counsel).

In 2010, Keen was convicted of first degree assault with a firearm enhancement, first degree unlawful possession of a firearm, and two counts of possession of a stolen vehicle. The sentencing court imposed $800 in mandatory LFOs (crime victim assessment, criminal filing fee, DNA collection fee) and $1,323.69 in discretionary LFOs (incarceration fee, crime lab fee, court appointed attorney fee).

Over the years, a significant amount of interest accrued on these financial obligations. In April 2015, Keen filed motions to terminate accrued interest on LFOs for each of his four sentences. The superior court denied these motions. Keen sought discretionary review of these orders, but this court denied review in February 2016.

In August, Keen filed separate motions to terminate his LFOs for each of his four sentences. Keen claimed that his LFOs were creating a manifest hardship because the Department of Corrections policy prevents him from transferring his incarceration to the Netherlands (where his family lives) until his obligations are paid, he will be incarcerated until 2030, and his family does not have the financial means to pay his LFOs. The superior court

denied these motions in a combined order "[b]ased on the lapse of time since sentencing." Clerk's Papers at 68.

Keen sought discretionary review of the superior court's order denying his motions to terminate his LFOs, which a commissioner of this court granted.

ANALYSIS

A.     IMPOSITION OF LFOs

Initially, Keen argues that the sentencing courts for his four convictions erred in imposing LFOs without first determining his ability to pay. He also asserts in a statement of additional grounds (SAG) that his 2010 judgment and sentence is void on its face because the sentencing court imposed discretionary costs without checking the box stating that he had the ability to pay.

We decline to address these claims. The imposition of LFOs as part of Keen's sentences is beyond the scope of review, as this court accepted discretionary review of only the trial court's order denying Keen's motions to terminate his LFOs.

B.     MOTIONS TO TERMINATE LFOs

Keen argues that the superior court erred when it denied his motions to terminate LFOs as untimely. The State concedes that the court should have considered Keen's motion regarding discretionary LFOs, but not regarding mandatory LFOs or restitution. We agree with the State.

1.     Discretionary LFOs

RCW 10.01.160(1) states that a sentencing court may require a defendant to pay "costs." Under RCW 10.01.160(2), "costs" are "limited to expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program . . . or pretrial

3

supervision." These costs include what are commonly referred to as discretionary LFOs. *See In re Pers. Restraint of Wolf*, 196 Wn. App. 496, 511, 384 P.3d 591 (2016).

Former RCW 10.01.160(4) (2015) allowed for the remission of costs imposed under RCW 10.01.160(1):

> A defendant who has been ordered to pay costs and who is not in contumacious default in the payment thereof may at any time petition the sentencing court for remission of the payment of costs or of any unpaid portion thereof.

As this court has noted, under the former version of RCW 10.01.160(4) a defendant could file a petition to remit costs at any time.[1] *State v. Shirts*, 195 Wn. App. 849, 858-59, 381 P.3d 1223 (2016).

Here, it is uncontested that Keen had been ordered to pay discretionary LFOs that qualified as costs under RCW 10.01.160(1) and there was no evidence that he was in contumacious default. Under former RCW 10.01.160(4), Keen was allowed to file a motion to remit his discretionary LFOs at any time. Therefore, the superior court erred when it denied Keen's motions to remit discretionary LFOs as untimely without addressing the merits of his claims.

### 2. Mandatory LFOs

The crime victim assessment, criminal filing fee, and DNA fee that the sentencing courts imposed on Keen were mandatory LFOs. *State v. Clark*, 191 Wn. App. 369, 374, 362 P.3d 309 (2015). As noted above, former RCW 10.01.160(4) applies only to "costs" imposed under RCW 10.01.160(1). The victim penalty assessment, criminal filing fee, and DNA fee do not fall within

---

[1] In 2018, the legislature amended RCW 10.01.160(4) to provide that a defendant may file a motion to remit costs only after release from total confinement. LAWS OF 2018, ch. 269 § 6(4).

the definition of "costs" under RCW 10.01.160(2) because they were not expenses specially incurred in prosecuting Keen. *See State v. Sorrell*, 2 Wn. App. 2d 156, 179-80, 408 P.3d 1100 (2018). Therefore, a motion to remit costs under RCW 10.01.160(4) does not apply to mandatory LFOs.[2] *Sorrell*, 2 Wn. App. 2d at 179-80.

The superior court did not deny Keen's motions on the basis that RCW 10.01.160(4) does not authorize a court to remit mandatory LFOs, but we can affirm on any grounds supported by the record. *State v. Streepy*, 199 Wn. App. 487, 500, 400 P.3d 339, *review denied*, 189 Wn.2d 1025 (2017). Accordingly, we affirm the superior court's denial of Keen's motions to the extent they pertained to mandatory LFOs.

3. Restitution

Under RCW 9.94A.753(5)[3], "[r]estitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property" absent extraordinary circumstances. *See also* RCW 9.94A.505(8) (stating that the court "shall order restitution" in a felony sentence). Based on this language, restitution generally is mandatory. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). And like mandatory LFOs, restitution does not fall within the definition of "costs" under RCW 10.01.160(2) and therefore is not subject to remission under RCW 10.01.160(4).

---

[2] In *City of Richland v. Wakefield*, the Supreme Court held that the district court erred in not applying the RCW 10.01.160(4) standard for remission of LFOs. 186 Wn.2d 596, 605-06, 380 P.3d 459 (2016). But in that case, the offender specifically challenged only *discretionary* LFOs, not nondiscretionary LFOs. *Id.* at 601.

[3] RCW 9.94A.753 was amended in 2018. Because those amendments do not materially affect the statutory language relied on by this court, we do not include the word "former" before this statute.

RCW 9.94A.753(4) states that the portion of a sentence concerning restitution may be modified as to amount while the offender remains under the court's jurisdiction. But that subsection expressly states, "The court may not reduce the total amount of restitution ordered because the offender may lack the ability to pay the total amount." RCW 9.94A.753(4). And Keen does not argue that he is entitled to a reduction of his restitution obligation under RCW 9.94A.753(4).

Instead, Keen relies on *City of Richland v. Wakefield*, which held that "federal law prohibits courts from ordering defendants to pay LFOs if the person's only source of income is social security disability." 186 Wn.2d 596, 609, 380 P.3d 459 (2016). Keen claims that his restitution should be remitted if he can show that he is eligible for social security disability payments. But *Wakefield* involved a petition to remit only discretionary LFOs, not restitution. *Id.* at 601. Therefore, *Wakefield* did not hold that restitution was subject to remission based on eligibility for social security disability. And Keen presents no other authority for the proposition that the superior court was required to remit his restitution obligation.

There was no basis for the superior court to remit Keen's restitution obligation. Again, the superior court did not deny Keen's motions on this basis, but we can affirm on any grounds supported by the record. *Streepy*, 199 Wn. App. at 500. Accordingly, we affirm the superior court's denial of Keen's motions to the extent they pertained to restitution.

C.     WAIVER OF ACCRUED INTEREST

In his SAG, Keen asserts that the superior court should have waived accrued interest on his financial obligations under RCW 10.82.090. We disagree.

6

Former RCW 10.82.090(2) (2015) allowed a superior court to reduce or waive the interest on LFOs under certain circumstances on motion by the offender. However, the court had this authority only "following the offender's release from total confinement." Former RCW 10.82.090(2).

In 2018, the legislature amended RCW 10.82.090(1) to provide, "As of the effective date of this section, no interest shall accrue on nonrestitution legal financial obligations." The effective date of the amendment was June 7, 2018. LAWS OF 2018, ch. 269, § 1(1). Further, the current version of RCW 10.82.090(2)(a) now provides that the court may waive interest on LFOs that are not restitution that "accrued prior to the effective date of this section." But this waiver still can occur only on the offender's motion "following the offender's release from total confinement." RCW 10.82.090(2).

Regarding restitution interest, a court may reduce interest on the restitution portion of LFOs only if the principal has been paid in full. Former RCW 10.82.090(2)(b).

Here, at the time of his motion Keen had not been released from total confinement, and he had not paid in full the principal of his restitution. Therefore, the superior court did not err in declining to waive the accrued interest on Keen's LFOs and restitution. If Keen later can show that he has been released from total confinement, he can request waiver of interest on his nonrestitution obligations at that time. If he later can show that he has paid the principal of his restitution obligations, he can move at that time to waive interest on them.

## CONCLUSION

We reverse in part the superior court's order denying Keen's motion to terminate his LFOs. We remand for the superior court to consider remitting Keen's discretionary LFOs, but

not his mandatory LFOs or restitution. And we hold that the trial court was not required to waive accrued interest on LFOs or restitution.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

BJORGEN, J.

LEE, J.