

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39825-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAMERON ZACKUSE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — When he was 19 years old, Cameron Zackuse was charged with crimes alleged to have occurred several years earlier when he was a minor. Eventually, the court accepted an agreed recommendation for a Special Sex Offender Sentencing Alternative (SSOSA) sentence with a suspended determinate sentence of 120 months. The court also imposed the $500 victim penalty assessment (VPA). Neither the attorneys nor the court discussed youthful mitigating factors at the original sentencing. Several years later, Zackuse's SSOSA was revoked. At a second sentencing hearing, the court denied defense counsel's motion for a full resentencing hearing and imposed the original suspended sentence.

Zackuse appeals the court's order imposing the suspended sentence, attempting to collaterally attack the original sentence by way of an ineffective assistance of counsel

claim. Specifically, Zackuse contends that his counsel at resentencing was ineffective for failing to collaterally attack his original sentence on the basis that his attorney at the original sentencing was ineffective for failing to raise the mitigating factors of youth claim. Zackuse also challenges the $500 VPA imposed at the original sentencing.

We affirm, concluding that the first argument fails procedurally and substantively and the second argument is moot.

BACKGROUND

On February 15, 2018, Cameron Zackuse was charged with three counts of first degree child rape for incidents that occurred when he was around 13 to 14 years old. Zackuse was 19-years-old at the time he was charged. Zackuse eventually pleaded guilty to two of the three counts. The parties presented a plea agreement that recommended nine months of confinement in jail and a 36-month SSOSA.

*Plea and Sentencing*

At the plea hearing, Zackuse's attorney reminded the court that Zackuse was no more than 14 years old when he committed the offenses. He also explained that one of the benefits of the plea agreement was that Zackuse could avoid a lifetime sex offender registration requirement if he completed the terms of the SSOSA. During the plea colloquy, the court reminded Zackuse that it was not bound by the sentencing recommendation.

At sentencing, two months later, the State noted that Zackuse's age at the time of committing the offenses had an impact on the proposed sentence. In particular, the prosecutor noted a determinate as opposed to an indeterminate SSOSA was appropriate. The court followed the parties' recommendation and imposed 12 months of confinement, a 36-month SSOSA, and a low-end determinate sentence of 120-months suspended. Additionally, it imposed the $500 VPA and the $100 DNA collection fee. Zackuse did not appeal this plea or sentence.

*Subsequent Activity and SSOSA Revocation*

The following year, the court held a revocation hearing on allegations that Zackuse was in violation of his SSOSA sentence. Zackuse retained the SSOSA but received a 90-day sanction. Two months later, another violation was filed, alleging Zackuse failed to enroll in chemical dependency treatment. Zackuse eventually completed in-patient treatment in February 2023, but failed to report to the Department of Corrections after that date, did not complete any of the out-patient chemical dependency treatment, and never started his sexual deviancy treatment.

Prior to the revocation hearing, Zackuse filed a motion for resentencing based on his age at the time he committed the offenses. While conceding that there was no direct precedent to support his motion, he pointed to the trends in juvenile sentencing and

argued that under *Houston-Sconiers*[1] the trial court had discretion to resentence Zackuse following revocation of his SSOSA.

The court eventually revoked Zackuse's SSOSA and set sentencing over so the parties could provide additional briefing on the court's authority and discretion following revocation of a SSOSA, and whether the court could resentence Zackuse.

*Second Sentencing Following SSOSA Revocation*

At the second sentencing hearing, defense counsel argued that *Houston-Sconiers* applied, even though Zackuse was not charged as a juvenile, and authorized a resentencing where the court could consider the mitigating qualities of Zackuse's age at the time he committed the offenses.

The State countered, arguing that this situation was different than *Houston-Sconiers* and more similar to *In re Pers. Restraint of Wolf*,[2] because this was a "negotiated resolution." The prosecutor pointed out that while *Houston-Sconiers* would apply at a contested sentencing hearing, Zackuse chose to enter into a plea agreement. The State continued that since the SSOSA was revoked, the court did not have authority to resentence Zackuse.

---

[1] 188 Wn.2d 1, 391 P.3d 409 (2017).
[2] 196 Wn. App. 496, 384 P.3d 591 (2016).

The trial court wrestled with its decision but ultimately concluded that it did not have authority to conduct a full resentencing and imposed the suspended sentence of 120 months on both counts to be served concurrently.

Zackuse appeals.

## ANALYSIS

1. INEFFECTIVE ASSISTANCE OF COUNSEL

In this direct appeal from the imposition of a suspended sentence, Zackuse attempts to collaterally attack his original sentence through multiple layers of ineffective assistance of counsel. Zackuse does not challenge the trial court's revocation of his SSOSA. Nor does he assign error to the trial court's conclusion that it could not conduct a full resentencing following a SSOSA revocation. And while acknowledging that counsel at resentencing did file a motion for resentencing based on *Houston-Sconiers*, Zackuse contends counsel was ineffective for failing to frame the motion as a collateral attack of the original sentence under CrR 7.8(b)(5). He contends that a collateral attack would have been successful because counsel at the first sentencing was also ineffective for failing to argue the mitigating factors of youth as required by *Houston-Sconiers*.

The United States and the Washington State Constitutions "guarantee a criminal defendant the right to effective assistance of counsel." *State v. Vazquez*, 198 Wn.2d 239, 247, 494 P.3d 424 (2021); *see also* U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. "An ineffective assistance of counsel claim is a mixed question of law and fact that [this

court] review[s] de novo." *State v. Drath*, 7 Wn. App. 2d 255, 266, 431 P.3d 1098 (2018). To determine whether counsel was ineffective, the defendant must demonstrate that (1) counsel's representation was deficient based on all the circumstances, and (2) that deficient representation prejudiced the defendant. *Vazquez*, 198 Wn.2d at 247-48. Failure to show either of the two prongs will defeat an ineffective assistance claim. *State v. Bertrand*, 3 Wn.3d 116, 132, 546 P.3d 1020 (2024).

Defense counsel's performance will be considered deficient if it fell below an objective standard of reasonableness based on the trial court record. *Vazquez*, 198 Wn.2d at 247-48. "[T]o satisfy *Strickland*'s deficient performance prong, a defendant must show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Bertrand*, 3 Wn.3d at 130 (internal quotation marks omitted) (quoting *State v. Thomas*, 109 Wn.2d 222, 225, 743 P.2d 816 (1987)). There is a strong presumption that counsel is effective. *Id*. at 128.

Zackuse's argument fails for several reasons. Zackuse claims his attorney at resentencing was ineffective because he failed to research the applicable law and file the appropriate collateral attack. Zackuse fails to show that his attorney had a duty to file a collateral attack. We agree that "[t]he duty to provide effective assistance includes the duty to research relevant statutes." *State v. Estes*, 188 Wn.2d 450, 460, 395 P.3d 1045 (2017). But this duty to know the relevant law does not translate into a duty to file collateral attacks on prior proceedings. In essence, Zackuse's argument is an attempt to

revive a forfeited claim from his first sentencing hearing by bootstrapping it to a claim that counsel from the second sentencing hearing—the hearing on direct appeal—was deficient for failing to file a collateral attack challenging counsel's performance at the first sentencing hearing.

Even assuming an attorney's failure to file a collateral attack could form the basis for a claim of ineffective assistance of counsel, Zackuse's claim fails. Zackuse does not challenge the trial court's decision to revoke his SSOSA. Nor does he argue that the trial court had discretion to conduct a full resentencing following this revocation. Under similar circumstances, this court held in *State v. Zwede*, 21 Wn. App. 2d 843, 846-47, 508 P.3d 1042 (2022), that upon revocation of a SSOSA, the trial court lacked discretion to modify the original suspended sentence imposed following the plea.

Similar to Zackuse, the defendant in *Zwede* argued that under *Houston-Sconiers* he was entitled to resentencing following his SSOSA revocation so that the court could consider whether his youthfulness at the time of his underlying crime could support a shorter sentence. *Id*. at 862. In rejecting this argument, the *Zwede* court noted that the line of cases concerning juvenile and youthful offender sentencing did not apply to sentences imposed as part of a plea agreement. *Id*. at 864. The court also recognized that Zwede was not youthful at the time he violated the terms of his SSOSA conditions. *Id*. at 865.

Here, Zackuse takes a different approach to attack the original sentence. He contends that his attorney at resentencing was ineffective for failing to collaterally attack

the original sentence under CrR 7.8(b)(5) on the basis that his attorney at the original sentencing was also ineffective. While Zackuse does not challenge the plea agreement, he argues that regardless of the plea agreement, his attorney had a duty to inform the trial court of its discretion to impose a lesser sentence based on Zackuse's age at the time of the crimes. This argument was rejected in *Zwede* and more recently by our Supreme Court in *State v. Harris*, __ Wn.3d __, 559 P.3d 499 (2024).

In *Zwede*, the court held that counsel at the original sentencing was not ineffective for failing to raise youthfulness as a mitigating factor.[3] The court noted that Zwede could not show that his "attorney's strategy in pursuing a SSOSA instead of arguing for an exceptional sentence fell below the professional standard of reasonableness." *Zwede*, 21 Wn. App. 2d at 866. Likewise, in *Harris*, the court held that "[w]hen a trial court accepts a negotiated plea agreement requiring that neither party advocates for a lesser sentence, *Houston-Sconiers* does not require consideration of youth." 559 P.3d at 507.

Here, Zackuse entered a guilty plea based on a plea agreement that considered his age at the time he committed the offenses. The agreement required the State to dismiss one of the charges and Zackuse would plead guilty to the two remaining charges. The plea agreement also recommended a 36-month SSOSA and a low-end 120-month determinate sentence suspended. Finally, the agreement included provisions that

---

[3] The court did not address whether the original sentence was before the court on appeal from the revocation of the SSOSA.

recognized Zackuse's age, including a determinate sentence and the ability to allow

Zackuse to petition to have the sex offender registration lifted at a later time.

As the State notes, this was a favorable deal when Zackuse faced going to trial on

all three charges, would not have been eligible for the SSOSA, and faced a higher

standard sentence range of 162-216 months. And, based on the reasoning in *Harris*,

defense counsel may not have wanted to risk destabilizing the plea-bargain that he

negotiated for Zackuse. Nonetheless, by entering into a plea agreement, *Houston-*

*Sconiers* "does not require inquiry into youth." *Id.* at 508. As such, defense counsel at

Zackuse's original sentencing was not deficient.

In light of *Harris*, and based on the record before us, a CrR 7.8 motion challenging

Zackuse's original sentence on the basis that counsel at the first sentencing failed to

present mitigating factors of youth would have been denied. Consequently, counsel's

performance at the second sentencing hearing was not deficient for failing to frame his

motion for resentencing as a collateral attack of the original sentence under CrR 7.8. And

because Zackuse cannot show deficient performance, his claim of ineffective assistance

of counsel fails. *See Drath*, 7 Wn. App. 2d at 266 ("An ineffective assistance claim fails

if the defendant fails to satisfy either prong.").

2.  VICTIM PENALTY ASSESSMENT

Zackuse claims the VPA must be struck from his judgment and sentence because

he is indigent and recent statutory amendments apply to his case because it is not yet final

9

and on direct appeal. We agree with the State that the issue is moot and we decline to address it.

"'A case is [considered] moot if a court can no longer provide effective relief.'" *In re Det. of H.N.* 188 Wn. App. 744, 749, 355 P.3d 294 (2015) (quoting *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984)). Generally, "an appellate court will not review a moot case." *Id.*

Here, the record demonstrates that Zackuse's SSOSA was revoked on July 6, 2023, and the order notes that all previous legal financial obligations imposed were struck because Zackuse is indigent. Because the VPA was already struck, this court can no longer provide effective relief.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, C.J.

10