# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>       Respondent,<br><br> v.<br><br>M.J.,<br><br>       Appellant. | No. 59062-0-II<br><br><br><br>UNPUBLISHED OPINION |

   CRUSER, C.J.—In 2021, MJ pleaded guilty to rape of a child in the first degree. The Cowlitz County Juvenile Court ordered a special sex offender dispositional alternative (SSODA)[1] and imposed legal financial obligations (LFOs). Jurisdiction of the case was then transferred to Thurston County for supervision and enforcement. In December 2023, the Thurston County Juvenile Court revoked the SSODA disposition, after finding that MJ violated probation. The court issued a new order, which did not impose any LFOs. MJ now appeals the 2023 order revoking the SSODA disposition, arguing that we must strike the LFOs contained in the 2021 order. Because the new order does not contain LFOs, and because an appeal of the original order would be considered untimely, we affirm the disposition order.

---

[1] Former RCW 13.40.162 (2020).

FACTS

In 2020, MJ was charged with rape of a child in the first degree. He pleaded guilty to the offense in July 2021. The case was heard in juvenile court in Cowlitz County. In November 2021, the court ordered that MJ receive a SSODA disposition. Under the SSODA, the court suspended a 36-week determinate sentence, and imposed 24 months of community supervision. Additionally, the court ordered MJ to pay a $100 crime victim's compensation (CVC)[2] fee and a $100 DNA collection fee.[3] The court then transferred jurisdiction to Thurston County for supervision and enforcement.

In December 2023, the Thurston County Juvenile Court revoked the SSODA disposition. The court found that during SSODA supervision, MJ violated probation four times. The court issued a new order on adjudication and disposition. In the new order, the court reinstated 36 weeks of commitment to the custody of the Department of Children, Youth, and Families Juvenile Rehabilitation, and 24 months of community supervision. In the new order, the court did not impose any LFOs.

On December 12, 2023, MJ filed a notice of appeal, appealing the new order from December 2023 which revoked the SSODA disposition. MJ's appeal raises the sole issue of whether we should strike the CVC and DNA collection fees from his 2021 SSODA disposition order. The State responds that MJ's attempt to challenge LFOs imposed in his 2021 disposition is untimely, and that because the new order revoking the SSODA does not contain LFOs, there are no LFOs for us to address. We agree with the State and affirm the disposition order.

---

[2] Former RCW 7.68.035 (2018).

[3] Former RCW 43.43.7541 (2018) and former RCW 43.43.754 (2020).

ANALYSIS

I. TIMELINESS

We discussed the timeliness of an appeal raising LFO issues in *In re Personal Restraint Petition of Wolf*, 196 Wn. App. 496, 384 P.3d 591 (2016). The LFOs in Wolf's case were imposed in 2008, and Wolf's personal restraint petition[4] challenged the 2012 revocation of his special sex offender sentencing alternative (SSOSA)[5] sentence. *Id*. at 499-500. We held that Wolf's challenge to the LFOs was untimely because "the SSOSA revocation did not involve the LFOs imposed in 2008 and did not impose any additional 'restraint' regarding those LFOs." *Id*. at 510. Because Wolf did not appeal the original sentence, and because the SSOSA revocation did not involve the LFOs, we determined that the LFOs were final at the time the original sentence was entered in 2008. *Id*.

We affirmed this understanding of timely LFO appeals in *State v. Vandervort*, 11 Wn. App. 2d 300, 452 P.3d 1267 (2019). Vandervort's appeal focused on the revocation of a drug offender sentencing alternative (DOSA) disposition.[6] *Id*. at 301. We explained:

> As in *Wolf*, the trial court imposed LFOs as part of Vandervort's original sentence, which he did not appeal. Similar to the SSOSA revocation in *Wolf*, a DOSA revocation is not a resentencing. Rather, it is one of the "sanctions" the superior court can impose when an offender violates a condition of the DOSA sentence. RCW 9.94A.660(7)(a), (b), (c).
>
> Because the time to appeal the imposition of his LFOs had passed one year after the court imposed Vandervort's original DOSA sentence, we dismiss the appeal as untimely.

---

[4] RAP 16.4.

[5] RCW 9.94A.670.

[6] RCW 9.94A.660.

No. 59062-0-II

*Id*. at 303.

A notice of appeal must be filed within 30 days of the entry of the decision which a party is appealing. RAP 5.2(a). Here, the trial court issued the initial order containing the SSODA and associated LFOs on November 16, 2021. The exceptions to the time allowed to file a notice of appeal outlined in RAP 5.2 do not apply to MJ's case, and he is not arguing that they do. Accordingly, MJ's window to file a notice of appeal regarding the SSODA order, and the associated LFOs, expired in December 2021.

As was the case in *Wolf* and *Vandervort*, MJ did not appeal the original order which contained the LFOs. Instead, MJ is appealing the order revoking of the SSODA disposition, which does not contain LFOs. Accordingly, MJ's appeal of the LFOs is untimely.

II. SCOPE OF APPEAL

In addition to the fact that MJ's appeal of the LFOs imposed in his case is untimely, the issue is also outside the scope of this appeal, and is likely moot, as the new order does not impose any LFOs. Notably, in revoking MJ's SSODA sentence, the superior court issued an entirely new order on adjudication and disposition. The 2023 order does not impose any LFOs. As the State notes, presumably this indicates that the superior court elected to strike the LFOs in issuing the new order. *See* Br. of Resp't at 7 ("The State does not dispute that the Court should strike the fees in this case, and it appears that the Thurston County Superior Court elected to do just that when the amended order on adjudication was entered.")

Effective January 1, 2023, courts may not impose the crime victim penalty assessment or the DNA collection fee on indigent or juvenile defendants. LAWS OF 2023, ch. 449, §§ 1, 14; RCW 7.68.035(5)(a)-(b); RCW 13.40.058. The amended statutes also require trial courts to waive any

4

victim penalty assessment or DNA collection fee imposed prior to the amendment's effective date if the defendant was a juvenile at the time the penalty assessment was imposed and moves for such relief. RCW 7.68.035(5); RCW 43.43.7541. The State concedes that the statutory amendment would require the sentencing court to waive MJ's LFOs were he to file a motion with the sentencing court. Because the juvenile court in Thurston County did not reimpose the LFOs in the 2023 order, the new order supersedes the 2021 order, meaning that the fees were effectively stricken.

As the State notes, a potential complication regarding the LFOs in this case could arise from the fact that the original order in this case was issued in Cowlitz County, before the case was transferred to Thurston County. In regard to transferring jurisdiction of juvenile cases, and the impact that transferring jurisdiction may have on LFOs, the statute states:

> Any collection of the offender legal financial obligation shall be managed by the juvenile probation department of the new county while the offender is under juvenile probation supervision, or by the clerk of the original county at the conclusion of supervision by juvenile probation. The probation department of the new county shall notify the clerk of the originating county when they end supervision of the offender.

RCW 13.40.060(3)(e).

If any issue remains regarding the LFOs in this case, such as if Cowlitz County intends to reimpose the LFOs upon the conclusion of Thurston County's supervision of MJ, then MJ may seek to redress that issue through filing a motion with the Cowlitz County Juvenile Court, under RCW 7.68.035(5) and RCW 43.43.7541(2).

We affirm the disposition order.

No. 59062-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

VELJACIC, J.

BIRK, J.[7]

---

[7] Judge Birk is serving in Division Two of this court pursuant to RCW 2.06.040.