IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 79007-2-I |
| MARLOW TODD EGGUM, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

BOWMAN, J. — Marlow Todd Eggum filed this personal restraint petition (PRP) alleging that several policies of the Department of Corrections (DOC) interfered with his access to the courts in violation of his rights under the First and Fourteenth Amendments to the United States Constitution. DOC argues we should dismiss Eggum's PRP because he has other adequate remedies at law. In the alternative, DOC contends that Eggum fails to show that DOC policies violated his right of access to the courts. Because Eggum's claims touch on significant constitutional issues, we address the merits of his petition. However, because Eggum fails to establish that DOC policies interfered with his access to the courts, we deny his petition.

FACTS

In August 2016, Eggum filed a civil lawsuit naming Whatcom County, the Whatcom County Sheriff's Office, and five other individuals as defendants. Eggum sought damages for destruction of videos that he claimed were his

Citations and pin cites are based on the Westlaw online version of the cited material.

personal property. In November 2016, the court dismissed all but one of the defendants on summary judgment. Eggum appealed the dismissal.

Eggum continued to pursue his lawsuit against the remaining defendant. He filed several motions, including motions to amend his complaint, motions to strike ex parte rulings, a request for the identity of evidence, motions for reference hearings, motions for reconsideration, objections to rulings, a motion to set aside the summary judgment dismissal of most of the defendants, and supplemental notices of appeal. The case proceeded to a bench trial on December 8, 2017, after which the court entered an order of dismissal.

Eggum continued to file motions post-trial, including a motion "to determine court rule violation" filed in July 2018. The court scheduled a hearing for August 24, 2018 to address the motion. DOC denied a request by Eggum to appear telephonically at the hearing pursuant to its policy that access to unrestricted telephone lines are limited to court appearances related to an inmate's case involving their civil rights, sentence, and conditions of confinement. The Skagit County Superior Court continued the hearing and issued an order directing DOC to provide Eggum access to an unrestricted phone line at the next hearing date. On October 12, 2018, Eggum attended the hearing by telephone. In the interim, Eggum filed this PRP on September 24, 2018.

ANALYSIS

Other Adequate Remedies

Eggum alleges in his PRP that he is unlawfully restrained because DOC policies governing use of telephones, access to the law library, and photocopying

2

services impede his right to access the courts. DOC contends that Eggum's PRP should be dismissed because Eggum "only seeks injunctive relief" for which there are other adequate remedies at law—a civil rights action.

To prevail on a PRP, a petitioner must show that he or she is under restraint and that the restraint is unlawful. In re Pers. Restraint of Dyer, 143 Wn.2d 384, 391, 20 P.3d 907 (2001). Restraint is unlawful when the "conditions or manner of the restraint of petitioner are in violation of the Constitution of the United States or the Constitution or laws of the State of Washington." RAP 16.4(c)(6). We will grant relief on a PRP only if other remedies at law are "inadequate under the circumstances." RAP 16.4(d).

There is no dispute that Eggum is currently being restrained by DOC. Eggum alleges that his restraint is unlawful because DOC policies interfere with his access to the courts, a condition or manner of restraint that violates his rights under the First and Fourteenth Amendments. This court has reached the merits of a PRP despite the availability of other remedies where the claims were of significant constitutional importance. See In re Pers. Restraint Petition of Arseneau, 98 Wn. App. 368, 371, 989 P.2d 1197 (1999). Because Eggum's claims touch on issues of significant constitutional importance—access to the courts—we address the merits of his petition.

Access to the Courts

As the personal restraint petitioner, Eggum bears the burden of proving by a preponderance of evidence that his restraint is unlawful. In re Pers. Restraint Petition of Cook, 114 Wn.2d 802, 814, 792 P.2d 506 (1990). The petitioner must

specifically identify the evidence supporting his petition. In re Pers. Restraint Petition of Wolf, 196 Wn. App. 496, 503, 384 P.3d 591 (2016) (citing RAP 16.7(a)(2)). The petition must be supported by factual evidence, rather than on conclusory allegations. Wolf, 196 Wn. App. at 503; In re Pers. Restraint of Gronquist, 138 Wn.2d 388, 396, 978 P.2d 1083 (1999). Inadmissible hearsay, speculation, and conjecture cannot support a challenge to an inmate's conditions of confinement. Gronquist, 138 Wn.2d at 396.

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). This right includes access to civil proceedings. Whitney v. Buckner, 107 Wn.2d 861, 865, 734 P.2d 485 (1987) (citing Wolff v. McDonnell, 418 U.S. 539, 578-79, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Law libraries are one way that prisons may provide inmates access to the courts. See Bounds, 430 U.S. 817 at 828. Prisons must also provide basic supplies to the extent necessary to ensure that a prisoner's access to the court is meaningful. See Bounds, 430 U.S. 817 at 825-28. But the right of access to the courts is not absolute. Whitney, 107 Wn.2d at 866.

Prison authorities must take affirmative steps to provide "tools" for prisoners to attack their sentences, challenge their conditions of confinement, and pursue civil rights actions. Lewis, 518 U.S. at 355; Wolff, 418 U.S. 539 at 579. For all other legal matters, prison authorities have no affirmative duty to assist with litigation. Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011).

For those matters, prisons are forbidden from " 'erect[ing] barriers that impede the right of access of incarcerated persons.' " Silva, 658 F.3d at 1102-03[1] (quoting John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)).

There is no established minimum requirement that a state must meet in order to provide inmates with adequate access to the courts. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987), overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir.2012). Instead, a reviewing court should focus on whether the individual prisoner before it has been denied meaningful access. King, 814 F.2d at 568. To establish a violation of the right of access to the courts, Eggum must show that he has suffered an actual injury. Nev. Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 349).

### I. Telephone Policy

Eggum argues that DOC interfered with his access to the courts when it refused to give him access to an unrestricted telephone line to appear at his August 24, 2018 motion to "determine court rule violation."

Unrestricted telephone lines are located in prison counselor's offices, and a counselor must be present at all times during unrestricted calls. DOC policy provides:

> Any legal call will be limited to a Court hearing where an order has been issued requiring the Counselor to facilitate the call and must be related to the inmate's cases involving their civil rights, sentences and conditions of confinement.

---

[1] Alteration in original.

Inmates have access to payphones for telephonic appearances in all other legal matters.

Eggum contends that DOC's policy is "in effect a total denial" of a prisoner's right to participate by telephone in a civil hearing because inmates have no other viable means of accessing the court by telephone. He claims that prisoners cannot use payphones to call into court hearings because courtroom telephones do not allow for toll-free calls. Eggum references court notices that instruct litigants, "Do not use a payphone," and argues that the prison phone system is not compatible with automated court answering systems because "[s]omebody [at the court] has to physically pick up the phone and accept the [prison] call."

Eggum claims that he was injured by DOC's telephone policy because when DOC denied him access to an unrestricted phone line to appear telephonically at his motion hearing on August 24, 2018, "[h]is lawsuit was dismissed by default." The record does not support Eggum's claim.

The court dismissed all but one of the named defendants in Eggum's lawsuit on summary judgment in November 2016. The court dismissed the remainder of his lawsuit after a bench trial on December 8, 2017. The record does not reflect the basis underlying the December 2017 dismissal, but it is reasonable to assume the dismissal was not related to Eggum's inability to appear for a post-trial motion hearing eight months later. A hearing for which

DOC ultimately facilitated Eggum's telephonic appearance.[2] Eggum has failed to show actual injury from DOC telephone use policies.

## II. Law Library Policy

Eggum contends that recent changes to DOC library policies unreasonably interfered with his ability to access the courts because they are "overly complicated" and it now takes "at least half a month" to get access to the library. He asserts that access is too limited because the library is now open only five and a half hours a day, five days a week. He argues that the library's recent change from providing legal books to offering only digital resources and the removal of four writing desks makes it difficult to conduct legal research. In addition, he claims that DOC library policy banning accordion-type folders and more than 50 pages of research material as well as charging inmates for paper impedes his ability to prepare his case effectively.

The record does not support Eggum's allegations. Prison administrative assistant Lori Wonders testified that access to the law library is available to all inmates. However, because the library has only 31 legal research terminals, DOC policy gives priority access to inmates who have verifiable 45-day court deadlines for cases related to their sentences, conditions of confinement, or civil rights. Here, records spanning the 11-month period of December 2017 through November 2018 show that Eggum submitted 18 requests for priority law-library access and received responses to all but 2 of those requests within 48 hours. Of

---

[2] Because prison administrators did comply with the superior court order to provide Eggum with telephonic appearance, we do not address Eggum's request for a directive that DOC comply with superior court orders.

the 18 requests, 4 were denied because Eggum did not have a court deadline within 45 days. Eggum fails to show any specific instance in which DOC library policies actually denied him access to the courts.

### III. Photocopying Policy

Finally, Eggum contends that DOC photocopying policies unreasonably interfered with his access to the courts. DOC policy 590.500 section VIII.A states:

> Offenders will be given the opportunity to obtain photocopies of their own legal pleadings being submitted to the court, opposing party, and/or counsel in cases regarding current conviction, conditions of confinement (i.e., including county jail confinement), and/or challenges to the offender's sentence. Offenders may incur a debt for the photocopies if they do not have sufficient funds to pay the required fee at the time of the request.

Eggum argues that this policy unreasonably interferes with his ability to access the courts because it takes three to four days to receive a response to photocopying requests; requests are denied "at least" 80 percent of the time; DOC restricts photocopying to pleadings related to current convictions, conditions of confinement, and challenges to sentences; DOC will not provide free photocopies for pleadings in civil cases; and DOC refuses to allow inmates to make photocopies of attorney correspondence and PRPs.

DOC records show that during his time in DOC custody, Eggum photocopied more than 13,000 pages of documents. Eggum provides no evidence that DOC denied 80 percent of his requests for photocopies; that DOC did not provide photocopies for cases related to his conviction, a condition of confinement, or a civil rights claim; or that DOC refused to allow him access to

photocopy documents related to a PRP or attorney correspondence. Instead, Eggum contends that he has been injured by DOC's policy "[b]ecause he was unable to get copies of pleadings to opposing counsel in his civil case against Whatcom County," which caused "the appellate court" to "refuse[ ] to act upon his pleadings." He provides no evidence in support of his contention.

Eggum fails to establish that DOC policies regarding telephone use, library access, and photocopying interfered with his access to the courts. Accordingly, we deny his petition.

_____ Brennan, J

WE CONCUR:

_____          _____