**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51973-9-II |
| Respondent, | |
| v. | |
| SHANE I. VANDERVORT, | ORDER AMENDING PUBLISHED OPINION |
| Appellant. | |

The court on its own motion amends the November 26, 2019 published opinion in part as follows.

On page 3, the last paragraph before the signatures, we remove

> Because the time to appeal the imposition of his LFOs had passed one year after the court imposed Vandervort's original DOSA sentence, we dismiss the appeal as untimely.

We replace it with

> Because the time to appeal the imposition of his LFOs has passed 30 days after the court imposed Vandervort's original DOAS sentence, we dismiss the appeal as untimely.

We do not amend any other portion of the opinion or the result. Accordingly, it is

SO ORDERED.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Lee, A.C.J.

51973-9-II

Vandervort appealed on April 26, 2018. He appeals only the imposition of LFOs from his original sentence.

ANALYSIS

We lack jurisdiction to consider Vandervort's appeal because he did not file a timely notice of appeal.

RAP 5.2(a) provides that, with exceptions that do not apply here, "a notice of appeal must be filed . . . within the longer of (1) 30 days after the entry of the decision which the party filing the notice wants reviewed, or (2) the time provided in section (e)." A sentence is a final order subject to appeal. State v. Nitsch, 100 Wn. App. 512, 519, 997 P.2d 1000 (2000).

The trial court entered Vandervort's judgment and sentence on May 26, 2017. The court imposed the LFOs as part of that judgment and sentence. The order revoking his DOSA did not amend or alter the judgment and sentence. Vandervort did not file his notice of appeal until April 26, 2018, eleven months after the entry of the judgment and sentence.

Vandervort does not appeal from the December 1, 2017 order revoking his DOSA. He appeals only the imposition of the LFOs, which the court imposed as part of the original sentence on May 26, 2017. Because he filed his notice of appeal on April 26, 2018, it is untimely as to his judgment and sentence.

Vandervort argues that his appeal is timely under RAP 2.2(a)(1) because the order revoking his DOSA was a final order and his appeal is therefore proper. The issue, however, is not whether the DOSA revocation was a final order, but whether Vandervort's appeal of the LFOs was timely.

Vandervort filed a late notice of appeal on May 18, 2018. The notice stated that Vandervort sought review of the order revoking his DOSA sentence. We subsequently granted Vandervort's motion for extension of time because his attorney had not discussed his appeal rights with him. Vandervort's brief assigns error to the trial court's imposition of LFOs but does not challenge the revocation of his DOSA sentence.

ANALYSIS

The State argues that the challenge to the LFOs is untimely because Vandervort filed a notice of appeal well beyond 30 days after the original DOSA sentence. Vandervort argues that the appeal is timely because we granted an extension of time to file the notice of appeal. We agree with the State.[1]

We do not consider untimely appeals. RAP 5.2(a). A notice of appeal must be filed within 30 days after the entry of the trial court's decision that the party filing the notice wants reviewed. RAP 5.2(a)(1). Judgments are entered immediately after they are signed by the judge, and the time available to file an appeal begins to run from that date. RAP 5.2(c); CR 58(a); *In re Pers. Restraint of Wolf*, 196 Wn. App. 496, 509-10, 384 P.3d 591 (2016). However, a criminal appeal may not be dismissed as untimely unless the State shows that the defendant voluntarily, knowingly, and intelligently abandoned his appeal. *State v. Kells*, 134 Wn.2d 309, 314, 949 P.2d 818 (1998).

In *Wolf*, the defendant filed a personal restraint petition (PRP) to challenge the 2012 revocation of his special sex offender sentencing alternative (SSOSA) sentence. 196 Wn. App. at 499. In the PRP, he challenged LFOs imposed in his original 2008 SSOSA disposition. *Wolf*, 196 Wn. App. at 500. We concluded that his challenge was time barred because the SSOSA revocation did not involve the LFOs imposed seven years previously. *Wolf*, 196 Wn. App. at 500. We

---

[1] Because we dismiss the appeal as untimely, we do not address the validity of the LFOs.

determined that because the SSOSA revocation "did not involve the LFOs imposed in 2008," and the defendant did not appeal the original sentence, the LFOs were final on the date the original sentence was entered in 2008. *Wolf*, 196 Wn. App. at 510.

We granted Vandervort's extension motion and accepted his notice of appeal. However, the motion to appeal designated the DOSA revocation as the decision to be reviewed. The DOSA revocation, however, did not address the LFOs or the original judgement and sentence. As in *Wolf*, the trial court imposed LFOs as part of Vandervort's original sentence, which he did not appeal. Similar to the SSOSA revocation in *Wolf*, a DOSA revocation is not a resentencing. Rather, it is one of the "sanctions" the superior court can impose when an offender violates a condition of the DOSA sentence. RCW 9.94A.660(7)(a), (b), (c).

Because the time to appeal the imposition of his LFOs had passed one year after the court imposed Vandervort's original DOSA sentence, we dismiss the appeal as untimely.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Lee, A.C.J.

4