**FILED**
**SEPTEMBER 10, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39795-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT SILVIO AGLI, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Robert Agli has filed a notice of appeal related to an order

revoking his residential drug offender sentencing alternative (DOSA). He does not

dispute the reasons for the revocation or any other components of the revocation order.

Rather, he challenges the validity of legal financial obligations (LFOs) imposed in 2017

as part of his original DOSA sentence. We deem this challenge untimely and therefore

dismiss his appeal.

FACTS

In 2017, Mr. Agli pleaded guilty to felony assault and received a DOSA sentence, consisting of 19 months' confinement and 19 months' community custody. As part of the sentence, the court imposed a $500 crime victim penalty assessment (VPA), $260 in court costs—comprised of a $200 filing fee and a $60 sheriff's fee—and a $100 DNA collection fee. Mr. Agli did not appeal.

Mr. Agli was released from prison in 2022 and began serving the community custody portion of his DOSA. The DOSA was revoked after Mr. Agli failed to report to the Department of Corrections. The revocation court did not enter a new or amended judgment and sentence. Rather, the court simply entered an order converting Mr. Agli's community custody to a term of confinement. Mr. Agli subsequently filed a notice of appeal.

ANALYSIS

Mr. Agli challenges the trial court's imposition of LFOs, arguing that recently amended statutes prohibiting the imposition of certain fees apply prospectively to his case pending on appeal. The State argues Mr. Agli is not entitled to the benefits of the amendments on an appeal from the revocation order because a DOSA revocation is not

a resentencing and did not interrupt the finality of the original judgment and sentence. We agree with the State.

Under the rules of appellate procedure, a notice of appeal must be filed within 30 days after entry of a decision that warrants review. RAP 5.2(a)(2). A DOSA revocation hearing is not a resentencing. *State v. Vandervort*, 11 Wn. App. 2d 300, 303, 452 P.3d 1267 (2019). Thus, when a court enters a revocation order, it does not impact the finality of a previously-imposed judgment and sentence, including previously-imposed LFOs. *Id.*

Mr. Agli's LFOs were imposed as part of his original judgment and sentence, issued back in 2017. They were not imposed as part of the DOSA revocation order. Mr. Agli never filed an appeal of his LFOs within the time period required by our rules. His current challenge is therefore untimely.

To the extent Mr. Agli is entitled to relief from his LFOs based on recent statutory changes, his option is to seek recourse in superior court. *See* RCW 10.82.090(3)(a); RCW 7.68.035(5); RCW 43.43.7541(2). While this procedure may seem inefficient, it is what the law requires. Furthermore, it is the procedure Mr. Agli would have been required to follow had he complied with his DOSA. It would be anomalous for Mr. Agli to receive more favorable treatment simply because he violated the terms of his sentence.

No. 39795-5-III
*State v. Agli*

CONCLUSION

The appeal is dismissed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Cooney, J.

4